UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES KRUMLAUF, ARSHIA HUSSAINI, JAIME SCHOLZ, ALARISE CLAY, & KELLY CURTIN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 09 C 7641 ) |
| BENEDICTINE UNIVERSITY and DR. CRAIG BROEDER, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Benedictine University to dismiss Count IV of the complaint of Frances Krumlauf, Arshin Hussaini, Jaime Scholz, Alarise Clay, and Kelly Curtin, as well as all demands for punitive damages set out in the complaint. For the reasons set forth below, the motion is granted.

## BACKGROUND

The five plaintiffs in this case are former graduate students in Clinical Exercise Physiology at Benedictine; Defendant Craig Broeder is the director of that program. According to the allegations of the complaint, which we must accept as true for purposes of this motion, Broeder directed inappropriate behavior of a sexual nature

toward all of the Plaintiffs between 2005 and 2008 while they pursued their masters' degrees at Benedictine.  The complaint alleges various types of conduct by Broeder. His alleged conduct included physical contact including touching Plaintiffs' breasts, kissing their heads, trapping them in small spaces.  Broeder also allegedly made suggestive statements such as telling stories about a former student who obtained a better grade by showing Broeder her breasts, describing sex parties he attended, and inviting Plaintiffs travel to an out-of-state conference with him and all stay in the same room to facilitate group sex.  Plaintiffs further contend that they complained about Broeder's conduct to deans and other faculty members at Benedictine but no action was taken to remedy the situation they described.

In December 2009, Plaintiffs filed the instant suit, which in Count IV alleges that Broeder and Benedictine intentionally inflicted emotional distress on Plaintiffs through the actions and inactions described in the complaint. Benedictine now moves to dismiss Count IV[1] against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1]Benedictine also requested dismissal of any request for punitive damages.  In their response to the motion to dismiss, Plaintiffs acknowledge that punitive damages are not available for any of the causes of action set out in their complaint and withdraw the requests therefor.  Consequently, this opinion addresses only the question of dismissal of Count IV.

## LEGAL STANDARD

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 8, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. "[D]etermining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950) (internal quotation marks and editorial marks omitted). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). When examining the facts alleged and matching them with the legal claims, the court must give the plaintiff "the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602-03 (7th Cir. 2009).

# DISCUSSION

In Illinois, a properly pleaded cause of action for intentional infliction of emotional distress consists of three elements. *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976). First, the conduct must be extreme and outrageous; petty insults, indignities, or oppressions are not actionable. *Id.* Second, the emotional distress inflicted must be so severe that no reasonable person could be expected to endure it. *Id.* Third, the conduct complained of must be done with knowledge or a substantial certainty that severe emotional distress will result. *Id.*

The instant motion is being brought by Benedictine alone. In their response (as well as their complaint), Plaintiffs make passing mention of a theory that Benedictine is responsible not only for their actions but also for Broeder's, but that argument is not developed or supported by any legal authority. Accordingly, the only behavior at issue is Benedictine's alleged failure to act upon Plaintiffs' complaints in a way that Plaintiffs deemed appropriate under the circumstances.

Even construing the allegations of the complaint in a light most favorable to Plaintiffs, we do not find Benedictine's alleged inaction to rise to the level of outrageousness required to support a cognizable claim for intentional infliction of emotional distress. Moreover, although the alleged failure to take action is by no means commendable, if true, that omission cannot fairly be said to have been done with

knowledge or substantial certainty that the inaction would cause severe emotional distress. *See Giraldi v. Lamson*, 563 N.E.2d 956, 960 (Ill. App. Ct. 1990) (defendant's alleged failure to investigate information pertaining to child molestation by employee insufficient to demonstrate requisite knowledge or substantial certainty of emotional distress). Even in civilized society, investigations of and action to correct alleged misconduct can be expected to take time and to not necessarily result in an outcome satisfactory to the complaining party. Accordingly, we agree that Plaintiffs' allegations of intentional infliction of emotional distress by Benedictine do not state a claim upon which relief can be granted, even if discovery were to establish facts supporting all of the allegations set out in Count IV. Dismissal is therefore appropriate under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss Count IV is granted. The motion to dismiss the requests for punitive damages is denied as moot in light of Plaintiffs' voluntary withdrawal of those requests.

Charles P. Kocoras
United States District Judge

Dated: April 7, 2010