```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | | |
|---|---|---|
| FRANCES KRUMLAUF, ARSHIA HUSSAINI, JAIME SCHOLZ, ALARISE CLAY, and KELLY CURTIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 09 C 7641 |
| BENEDICTINE UNIVERSITY and DR. CRAIG BROEDER, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the court on the motion of Defendant Dr. Craig Broeder ("Broeder") to dismiss Plaintiffs' Title IX cause of action against him as well as all claims asserted against him by Plaintiffs Arshia Hussaini and Jaime Scholz for failure to state a claim upon which relief may be granted. In addition, Broeder moves to strike Plaintiffs' requests for attorneys' fees, liquidated damages, and prejudgment interest for Counts II through V. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion,[1] Plaintiffs Frances Krumlauf, Arshia Hussaini, Jaime Scholz, Alarise Clay, and Kelly Curtin ("Plaintiffs") were students of Broeder's at Benedictine University. During all times relevant to the allegations of the complaint, Broeder served as Director of Benedictine's Master of Science in Clinical Exercise Physiology program. Plaintiffs were enrolled in Benedictine's Master in Clinical Exercise Physiology program at various times between 2005 and 2008. Plaintiffs allege that Broeder engaged in sexually harassing behavior toward them during their time at Benedictine. Among other allegations, Plaintiffs assert that Broeder subjected them to unwelcome physical contact and made sexually suggestive comments in their presence.

On December 9, 2009, Plaintiffs instituted the instant suit against Broeder and Benedictine. In their complaint, Plaintiffs assert a number of causes of action against Broeder, including a sex discrimination claim under Title IX, 20 U.S.C. § 1681(a), as well as state law claims for assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Broeder now moves to dismiss or to strike certain portions of Plaintiffs' complaint.

---

[1] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order for a claim to survive a motion to dismiss, the plaintiff must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). A claim should not be dismissed "unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hefferman v. Bass*, 467 F.3d 596, 598 (7th Cir. 2006) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

**DISCUSSION**

**I.  Title IX Claim**

Broeder contends that the Plaintiffs' Title IX claim against him should be dismissed because Title IX does not allow for damages actions against individuals.

Title IX provides that "no person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). In addition to the administrative remedies available under that section, the Supreme Court has held that Title IX is enforceable through an implied private right of action. *Cannon v. Univ. of Chi.*, 441 U.S. 677, 717 (1979). The scope of that action is limited, however; Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals[.]" *Fitzgerald v. Barnstable Sch. Comm.*, 129 S.Ct. 788, 796 (2009); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998) (referring to "recipient entity" as appropriate target of suit under § 1681(a)). Broeder's status as an individual prevents Plaintiffs from maintaining their Title IX action against him.[2] Therefore, we dismiss Plaintiffs' Title IX claim against Broeder.

---

[2] Plaintiffs contend that Broeder is amenable to suit under Title IX because he served as Director of the Master of Science in Clinical Exercise Physiology program. Plaintiffs do not cite, nor has our research revealed, any case where an individual's title or position of authority within an academic program effectively transforms that person from an individual immune from suit under Title IX to an entity amenable to such an action. In the absence of support for Plaintiffs' argument, we decline to extend the scope of the implied right of action under Title IX as defined by the Supreme Court to permit suits against individuals.

## II. State Law Claims of Hussaini and Scholz

Broeder argues that the assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress claims against him by Plaintiffs Hussaini and Scholz should be dismissed because they are barred by the applicable statute of limitations. To demonstrate his entitlement to a dismissal of Hussaini's and Scholz's claims, Broeder attached three documents to his motion: a Tolling Agreement, Plaintiffs' Answers to Interrogatories, and an email between Broeder's counsel and counsel for the Plaintiffs. Under Fed. R. Civ. P. 12(d), if a party presents matters outside the pleadings on a Rule 12(b)(6) motion, the motion must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 and the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." The timeliness issue is relatively straightforward and should not require a great deal of additional discovery to resolve. Therefore, Broeder has until 30 days after this opinion issues to file a motion for summary judgment as to the state law claims of Hussaini and Scholz. Plaintiffs will have fourteen days from the date Broeder's motion is filed to file a response.

## III. Motion To Strike

Broeder asks us to strike Plaintiffs' requests for attorneys' fees, liquidated damages, and prejudgment interest for Counts II-V. "Illinois generally follows the

'American Rule': absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorney fees and costs, and may not recover those fees and costs from an adversary." *Morris B. Chapman & Assoc., Ltd. v. Kitzman*, 739 N.E.2d 1263, 1271 (Ill. 2000). Plaintiffs have not asserted any statutory or contractual basis for an award of attorneys' fees on their state law claims. Additionally, Plaintiffs do not contest Broeder's motion with respect to their requests for liquidated damages and prejudgment interest. Because Plaintiffs do not assert any legal bases for these forms of relief, we grant Broeder's motion to strike.

## CONCLUSION

Broeder's motion to dismiss Plaintiffs' Title IX claim against him is granted. The motion to strike is granted. The motion to dismiss the state-law claims of Plaintiffs Hussaini and Scholz against Broeder is denied.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: August 4, 2010